# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FRED WILSON, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-73 |
| | § | |
| KEITH ROY, | § | |
| | § | |
| Respondent. | § | |

## ORDER

Petitioner is a federal inmate currently confined at FCI Allenwood in White Deer, PA.[1]  Proceeding *pro se,* he filed a habeas petition pursuant to 28 U.S.C. §§ 2241 challenging the calculation of his sentence.  (D.E. 1).  Respondent filed a Motion to Dismiss on October 18, 2013, which the Court then construed as a Motion for Summary Judgment.  (D.E. 24 and D.E. 26).  Therefore, the Court gave both parties until November 19, 2013, to present additional evidence.  (D.E. 26).  Petitioner has now requested an extension until December 19, 2013, because he was recently transferred to a new correctional institution, is participating in a new residential drug treatment program and has a correctional institution job.  (D.E. 27).  Petitioner has also filed a Motion for Appointment of Counsel.  (D.E. 28).  For the reasons stated below, Petitioner's Motion for Extension of Time is **GRANTED** and Petitioner's Motion for Appointment of Counsel is **DENIED**.

---

[1] At the time of filing, Petitioner was incarcerated at FCI Three Rivers, Three Rivers, Texas.  (DE 1).

There is no constitutional right to counsel in federal habeas proceedings. *Elizalde v. Dretke*, 362 F.3d 323, 329 (5th Cir. 2004); *Johnson v. Hargett*, 978 F.2d 855, 859 (5th Cir. 1992). Rule 8(c) of the Rules Governing § 2254 Cases requires that counsel be appointed if the habeas petition raises issues which mandate an evidentiary hearing. Here, his request for counsel is premature because at this stage in his case there are no factual issues requiring an evidentiary hearing.

Counsel will be assigned *sua sponte* if there are issues which mandate an evidentiary hearing be held. Moreover, the Court may appoint counsel if discovery is ordered and there are issues necessitating the assignment of counsel. *See* Rule 6(a) of the Rules Governing § 2254 Cases; *Thomas v. Scott*, 47 F.3d 713, 715 n.1 (5th Cir. 1995).

It is therefore ORDERED that Petitioner's Motion for the Appointment of Counsel, (D.E. 28), is **DENIED** without prejudice. Petitioner's Motion for Extension of Time is **GRANTED**. (D.E. 27). Petitioner has until **December 19, 2013**, to file a response to the pending Motion for Summary Judgment as well as any additional evidence in support.

ORDERED this 21st day of November, 2013.

Jason B. Libby
United States Magistrate Judge