UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FRED WILSON, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-73 |
| | § | |
| KEITH ROY, | § | |
| | § | |
| Respondent. | § | |

**ORDER ADOPTING MEMORANDUM AND RECOMMENDATION**

Pending before the Court is Respondent's motion for summary judgment.  D.E. 24.  On January 23, 2014, United States Magistrate Judge Jason B. Libby submitted a Memorandum and Recommendation recommending that Respondent's motion be granted.  D.E. 32.  After requesting and receiving two extensions to file his objections, Petitioner filed objections on March 4, 2014.  D.E. 35.  Petitioner filed additional objections on March 11, 2014 (D.E 38), a motion to amend his objections on April 25, 2014 (D.E. 39), and a motion for leave to file sur-objections on May 16, 2014 (D.E. 40). Petitioner's objections are set out and discussed below.

First, Petitioner alleges that the Memorandum and Recommendation (M&R) contains inaccurate facts.  Petitioner states: "On page 2/12 of Magistrate Judge Memorandum and Recommendation (M&R) the fact[s] are inaccurate stating that Petitioner [was] serving a 4 to 8 year sentence for knowingly and intentionally possessing a controlled substance and manufacture delivery or possession with the intent to manufacture or deliver a control[led] substance."   D.E. 35, p. 1.  Petitioner insists that

cross-referencing D.E. 17-4, page 8 and D.E. 17-4, page 23 clearly establishes that the information in the M&R is incorrect.[1]  D.E. 35, p. 1.

Upon performing the cross-reference urged by Petitioner, this Court finds that the recitation of facts that Petitioner challenges is correct and supported by the record. *Compare* D.E. 17-4, p.8, ¶ 34, *with* D.E. 17-4, p. 23.  Petitioner's first objection is **OVERRULED**.

Second, Petitioner alleges error concerning the following statement in the M&R: "On December 4, 2006, the armed robbery charges were dismissed by the state.  (D.E. 17-4, p. 12).  However Petitioner remained in state custody because of the state parole violation detainer."  D.E. 32, p. 2.  Petitioner insists that this claim is "totally inaccurate because Petitioner was not serving a sentence and was only being detain[ed] by Parole Board pending disposition of criminal charges."  D.E. 35, p. 1.  The M&R does not state that Petitioner was serving a sentence during the relevant time period.  It states that Petitioner was in state custody and also acknowledges that he was being held on a violation detainer.  There is no disagreement here, and thus, no basis for objection. Petitioner's second objection is **OVERRULED**.

Third, Petitioner argues that the M&R "inaccurately fail[s] to mention [that the] April 11, 2007 technical parole violation was rescinded in Petitioner['s] June 9, 2009 parole order."  D.E. 35, p. 2.  Petitioner further asserts that he was not serving any sentence, was not recommitted to any parole sentence, and was not receiving any

---

[1] The Court assumes that Petitioner intends to refer to D.E. 17-4 instead of D.E. 17-14 because D.E. 17-14 is not a docket entry in the record for this case.

sentence credit from the state when BOP refused to take him into federal custody.  D.E. 35, p. 2.

The Pennsylvania Board of Probation and Parole did in fact rescind its board action taken April 11, 2007.  D.E. 17-4, p. 32.  In pointing out this fact, however, Petitioner does not explain how it calls into question the ultimate conclusion reached in the M&R.  Further, Petitioner does not point to any facts in the record to support his assertion that he was not serving any sentence, was not recommitted to any parole sentence, and was not receiving any sentence credit from the state when Pennsylvania attempted to transfer him to federal custody.  In fact, each of these assertions is squarely refuted by the record.   D.E. 17-4, p. 34 (indicating that Petitioner was given 978 days of "backtime" credit for December 23, 2005, the date of his arrest, to August 27, 2008, the date he pleaded guilty in federal court); *See* D.E. 17-4, p. 32-34 (showing that Petitioner was recommitted to a state correctional institution to serve a 24 month sentence on June 9, 2009) *and* D.E. 17-4, p. 71 (showing that BOP refused to accept Petitioner into its custody on August 31, 2009—more than two months after Petitioner was recommitted to serve his state sentence).  Petitioner's third objection is **OVERRULED**.

Fourth, Petitioner alleges that the Magistrate Judge failed to address Title 61, § 331.21a of Pennsylvania's Penal and Correctional Institutions Code as well as language in the June 2009 Notice of Board Decision instructing that Petitioner was to serve his state sentence "when available pending completion of/release from [his] federal sentence."  D.E. 17-4, p. 32.

The Magistrate Judge properly addressed the "when available" provision in the June 2009 Notice of Board Decision. The M&R acknowledges the "when available" provision and explains that a subsequent board decision issued on November 23, 2009, deleted this provision based on BOP's refusal to accept custody of Petitioner until he had completed his state sentence. D.E. 32, p. 10.

Petitioner also asserts that the Magistrate Judge failed to address Pennsylvania statute 61 P.S. § 331.21a.[2] Petitioner's state law complaint is not cognizable through a petition for habeas relief because it does not allege a violation of "the laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3); *Stringer v. Williams*, 161 F.3d 259, 263 (5th Cir. 1998).

Furthermore, to the extent that Petitioner argues BOP's refusal to accept him into its custody is a violation of his constitutional rights, that argument is foreclosed by Fifth Circuit precedent. In *Leal v. Tombone*, 341 F.3d 427 (5th Cir. 2003), the Fifth Circuit rejected a petitioner's claim that the U.S. Marshalls were required to comply with a state trial court's order that he be delivered into federal custody to serve his sentence. *Leal*, 341 F.3d at 430. The Court cited *Bloomgren v. Belaski*, 948 F.2d 688, 691 (10th Cir. 1991) for its conclusion that the determinations made by federal authorities concerning the execution of federal sentences cannot be overridden by a state court provision. *Leal*, 341 F.3d at 429. BOP was not under any obligation to comply with a state court's order, and no constitutional violation arose from its refusal to take Petitioner into federal

---

[2] Section 331.21a was repealed in 2009 by an act of Pennsylvania legislature. 2009, Aug. 11, P.L. 147, No. 33, § 11(b).

custody until he had completed his state sentence.   Petitioner's fourth objection is **OVERRULED**.

Fifth, Petitioner alleges that the Pennsylvania Parole Board's November 2009 Notice of Board Decision violated his due process rights because it altered and deleted the previous order by removing the "when available" provision to account for BOP's refusal to accept Petitioner into its custody without informing the Petitioner or holding another parole hearing.   D.E. 35, p. 2.   Petitioner also alleges that BOP violated a Pennsylvania statute without authority of law.   D.E. 35, p. 2.

The removal of the "when available" provision from the November 2009 Notice of Board decision did not violate Petitioner's due process rights.   In *Morrissey v. Brewer*, the Supreme Court held that a defendant facing revocation of his parole is not owed "the full panoply of rights" that is owed to a defendant in a criminal prosecution. *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972).   Acknowledging that parole revocation is not a deprivation of the "absolute liberty to which every citizen is entitled, but only of the conditional liberty properly dependent on observance of special parole restrictions," the Court held that due process is satisfied in parole revocation matters by "an informal hearing structured to assure that the finding of a parole violation will be based on verified facts and that the exercise of discretion will be informed by an accurate knowledge of the parolee's behavior." *Morrissey*, 408 U.S. at 484.

With regard to his parole revocation, Petitioner does not allege that he was denied an informal hearing to assure that there was probable cause for the finding of a parole violation, and he does not allege that the exercise of discretion was not informed by

accurate facts concerning his behavior.  Accordingly, he has no basis to claim that his due process rights were violated.

Petitioner's argument that BOP's alleged violation of a Pennsylvania statute entitles him to habeas relief has already been addressed and overruled in the discussion of his fourth objection.  Petitioner's fifth objection is **OVERRULED**.

Sixth, Petitioner argues that the Magistrate Judge erred by not addressing when Petitioner was returned from federal custody and states that "the Writ of Habeas Corpus Ad Prosequendum does not remain outstanding to prejudice the petitioner." The substance of Petitioner's objection is unclear, and this Court finds no error in the Magistrate Judge's discussion of Petitioner's transfers between federal and state custody. Petitioner's sixth objection is **OVERRULED**.

In addition to the objections discussed above, Petitioner has filed a motion for objections (D.E. 38), a motion to amend objections (D.E. 39), and a motion for leave to file sur-objections (D.E. 40).  Petitioner filed two motions for extension of time to file his objections.  D.E. 33 and 36.  Both motions were granted.  D.E. 34 and 37.  In the latest order granting Petitioner's motion for extension of time, the Magistrate Judge stated that the motion for extension of time was granted as to Petitioner's objections docketed at D.E. 35, and those objections are addressed herein.  However, Petitioner's first set of supplemental objections (D.E. 38) "is untimely, was filed without leave of court, and did not contain an explanation as to why the information in the declaration could not have been filed along with Petitioner's original objections within the extended time provided

for filing objections."[3] The Court therefore does not consider those objections. Furthermore, the Court **DENIES** Petitioner's motion for leave to amend his objections (D.E. 39) and motion for leave to file sur-objections (D.E. 40) given that (1) Petitioner was allowed more than a month of additional time to file his objections to the M&R and (2) Petitioner has not offered any meritorious argument for why he should be allowed additional time to supplement his pleadings.[4]

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Petitioner's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Petitioner's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Respondent's motion for summary judgment (D.E. 24) is **GRANTED** and Petitioner's habeas petition (D.E. 1) is **DISMISSED**. Petitioner's supplemental objections (D.E. 38) are **STRICKEN**, and Petitioner's motion for leave to amend and motion to supplement his pleadings (D.E. 39 and 40) are **DENIED**.

---

[3] *Knod v. City of Irving, Tex.*, 2013 WL 6869634, at *1 (N.D. Tex. Dec. 31, 2013).

[4] In his motion for leave to file sur-objections (D.E. 40), Petitioner asks that the Court excuse his failure to dispute the declaration of Robert Jennings and accept his pleading because "he was just recently brought aware that this is the reason the Magistrate court recommended to grant the Respondent['s] Summary Judgment motion." D.E. 40, p. 1. Petitioner's argument is unavailing. Lack of awareness cannot excuse Petitioner's inaction in this case because the Magistrate Judge specifically addressed the fact that there was no dispute as to Mr. Jenning's declaration in the M&R. D.E. 32, p. 5. Accordingly, Petitioner should have been aware of this information when he filed his objections to the M&R on March 4, 2014.

ORDERED this 23rd day of June, 2014.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE